IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC JONELLE WHITE, | ) | CASE NO. 1:11 CV 2187 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Eric Jonelle White, for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that White had severe impairments consisting of lumbar radiculopathy and obesity.[1] The ALJ made the following finding regarding White's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is limited to

---

[1] Transcript ("Tr.") at 14.

occasional climbing of ramps and stairs (but never ladders, ropes and scaffolds); occasional stooping; frequent crouching; and frequent crawling.[2]

Based on that residual functional capacity, the ALJ found White capable of his past relevant work as manager of a fast food restaurant and mail clerk and, therefore, not under a disability.[3]

White asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, White presents three issues for decision:

- Did the ALJ err by failing to find severe mental limitations at step two and by not including limitations in the RFC finding for mental impairments?

- Did the ALJ err in not adopting greater limitations because of White's obesity?

- Did the ALJ err in discounting White's credibility?

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**1.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[2] *Id.* at 15.

[3] *Id.* 17-18.

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[5] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[6]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[5] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## 2.     Mental impairments

In this case White alleged an onset date of July 1, 2003.[7] His applications for DIB and SSI progressed through the agency based upon White's physical impairments and limitations.[8] In March of 2010, White was hospitalized and received treatment for an episode in which he had hallucinations.[9] The evidence in the record is limited to a period of about 10 days in March of 2010.[10] Although there is a reference in the records for this period of a referral to the Cleveland Clinic for further treatment,[11] no records of such treatment were placed in the record. Counsel for White neither submitted additional records after the hearing[12] nor were additional records presented to the Appeals Council in the application for review.[13]

---

[7] ECF # 13.

[8] Tr. at 125, 175.

[9] *Id.* at 446.

[10] *Id.* at 443-600.

[11] *Id.* at 453.

[12] *Id.* at 27, 72-73.

[13] *Id.* at 7-8.

The ALJ found that to the extent that any mental impairment existed, it did not on the evidence of record meet the 12-month durational requirement.[14] The ALJ conducted the hearing on May 10, 2010,[15] and issued her opinion on June 23, 2010.[16]

At the argument in this case, counsel for White conceded that no evidence existed before March of 2010 of any severe mental impairment and that the record contains no evidence of any treatment after March of 2010. He nevertheless argues that the ALJ erred by failing to address GAF ratings given in 2010 and in not giving controlling weight to the opinions of the medical sources who treated White in 2010.

In his brief, the Commissioner cites the authority that the ALJ need not discuss GAF scores.[17] Based on my review of those Sixth Circuit cases, the ALJ did not commit reversible error by failing to discuss GAF scores.[18]

Further, none of the medical sources who treated White in 2010 gave any RFC opinions. As the Sixth Circuit recently emphasized in *Stroud v. Commissioner of Social*

---

[14] *Id.* at 18.

[15] *Id.* at 23-74.

[16] *Id.* at 9-22.

[17] ECF # 19 at 8-9.

[18] *Keeler v. Comm'r of Soc. Sec.*, No. 12-1655, slip op. at 3 (6th Cir. Jan 11, 2013).

*Security*,[19] a mere discussion of impairments and treatments does not constitute RFC opinions to which the ALJ must give controlling weight.[20]

Here the ALJ did not err by finding no mental impairment severe and by placing no limitations in the RFC finding for mental impairments. The ALJ correctly observed that the durational requirement has not been met,[21] and the notes made by medical sources that treated White in March of 2010 do not rise to the level of RFC opinions to which the ALJ was bound to give controlling weight.

**3.     Obesity**

As the Sixth Circuit recently stated, agency regulations require administrative law judges to consider the effects of obesity as part of their adjudication of a claim for benefits.[22] But, where a claimant does not present evidence from a physician opining that the claimant's weight "imposed additional limitations upon her or exacerbated her other conditions," no evidence on obesity would be present that an ALJ would need to consider.[23] Indeed, as Magistrate Judge Limbert noted in *Penn v. Astrue*,[24] where there is, as here, no medical

---

[19] *Stroud v. Comm'r of Soc. Sec.*, Case No. 11-2471, 2012 WL 5439987 (6th Cir. Nov. 8, 2012).

[20] *Id.*, at *2.

[21] Tr. at 18.

[22] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (citation omitted).

[23] *Id.*

[24] *Penn v. Astrue*, No. 1:10CV1885, 2012 WL 646057 (N.D. Ohio Feb. 28, 2012).

evidence "that [a claimant's] obesity has increased the severity of her other limitations, the record demonstrates that the ALJ sufficiently considered the plaintiff's obesity in formulating her RFC."[25]

The ALJ did find obesity a severe impairment at step two[26] and gave White a reduced RFC finding that incorporated consideration of White's obesity.[27] No physician opined that White had any additional limitations caused by his obesity over and above his other orthopaedic problems. I, therefore, find no error in the ALJ's handling of the obesity impairment.

**4.     Credibility**

As the citations in White's brief acknowledge,[28] my opinion in *Cross v. Commissioner of Social Security*[29] extensively sets out the analytical framework for judicial review of an ALJ's credibility finding. Although I observed in *Cross* that the ALJ's articulation on credibility did not represent "a model that future disability decisions should emulate,"[30] I did affirm the credibility finding because "the ALJ did consider the relevant evidence,"[31] and "a

---

[25] *Id.*, at *8 (citations omitted).

[26] Tr. at 14.

[27] *Id.* at 17.

[28] ECF # 16 at 14-15.

[29] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724 (N.D. Ohio 2005).

[30] *Id.* at 733.

[31] *Id.*

reasonable mind might accept that evidence as adequate to support the ALJ's credibility finding.[32] Bottom line, "[t]he ALJ's findings as to credibility are entitled to deference,"[33] and a reviewing court "may not disturb the ALJ's credibility determination absent compelling reasons."[34]

Here the ALJ did provide reasons for discounting White's credibility that included analysis of the objective medical evidence,[35] discussion of medications,[36] compliance (or lack thereof) with medication and prescribed physical therapy,[37] physicians' recommendations for conservative treatment,[38] and daily activities.[39] To be sure, there exists evidence as to credibility, or inferences that can be drawn therefrom, going both ways. But even when the record contains substantial evidence to support different conclusions, the ALJ's decision falls within the zone of choice in which the court may not interfere.[40]

---

[32] *Id.*

[33] *Id.* at 732.

[34] *Id.*

[35] Tr. at 16-17.

[36] *Id.* at 17.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Buxton*, 246 F.3d at 772.

Here the ALJ's credibility finding rests on relevant evidence that a reasonable mind might accept as adequate to support it. Compelling reasons, therefore, do not exist for disturbing that finding.

## Conclusion

Substantial evidence supports the finding of the Commissioner that White had no disability. Accordingly, the decision of the Commissioner denying White disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: January 11, 2013                     s/ William H. Baughman, Jr.
                                            United States Magistrate Judge